UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JENNIFER LIBRETTA LANSER,                                                  Docket No.:
                                                                                              CV
                                                            Plaintiff,

                                                                                    **NOTICE OF REMOVAL**
                              -against-

SISLEY COSMETICS USA, INC.                                          WESTCHESTER COUNTY
                                                                                     Index No.:  64533/2012

                                                            Defendant.
------------------------------------------------------------------X

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK:**

     Defendant-Petitioner, SISLEY COSMETICS USA, INC. ("Petitioner"), by its attorneys,

Schnaufer and Metis, LLP, of counsel to the Law Office of Robert P. Oppenheim, by Peter

Metis, Esq., upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C.

§ 1441, as follows:

    1.    On or about September 11, 2012, the above-captioned civil action was

commenced and is now pending in the Supreme Court of the State of New York, County of

Westchester. A trial has not yet been had therein. A copy of the Summons and Complaint with

accompanying exhibits and certificate of merit is annexed hereto as Exhibit "A".

    2.    This action is a civil action of which this court has original jurisdiction under 28

U.S.C. §1331 and is one that may be removed to this Court pursuant to the provisions of 28

U.S.C. §1441(b) in that plaintiff's action is based on a violation(s) of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1). See Ex. "A" at ¶¶ 34-47.

    3.    This Notice of Removal is being filed within thirty (30) days after receipt by

Petitioner of plaintiff's complaint. See 28 U.S.C. §1446(b).

    4.    Written notice of the filing of this Notice of Removal will be given to plaintiff

promptly after the filing of this Notice.

5.      A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Westchester, promptly after the filing of this Notice.

6.      Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

7.      By filing this Notice of Removal, Petitioner does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over Petitioner, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, Petitioner prays that the above-captioned action now pending in the Supreme Court in the State of New York, County of Westchester be removed therefrom to this Court.

Dated: Hartsdale, New York
       October 22, 2010

                                        SCHNAUFER & METIS, LLP

                                        By _____
                                        PETER METIS (PM 7214)
                                        280 North Central Avenue, Suite 200
                                        Hartsdale, New York 10530
                                        (914) 288-9700
                                        (914) 288-9717 (fax)
                                        Of Counsel to,
                                        The Law Offices of Robert P. Oppenheim
                                        200 Park Avenue South
                                        Suite 910
                                        New York, NY 10003-1509
                                        (212) 228-1957)

TO:    The Law Offices of Mark Sherman, LLC
1515 Broadway, 11th floor
New York, New York 10036

and

29 Fifth Street
Stamford , CT 06905
(203) 358-4700
(203) 325-9478 (fax)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------X

JENNIFER LIBRETTA LANSER,

                                        Plaintiff,

            -against-

SISLEY COSMETICS USA, INC.

                                        Defendant.

-----------------------------------------------------------------X

**Date Filed:**
Index No.

**Plaintiff designates**
WESTCHESTER
County as the place of trial

**The basis of venue is**
CPLR 503(c)

**SUMMONS**
Defendant's principal place
of business is located at:
2975 Westchester Ave.
Ste. G02
Purchase, NY 10577

**To the above named Defendant:**

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:  New York, New York
        September 11, 2012

                         RESPECTFULLY SUBMITTED,

                         LAW OFFICES OF MARK SHERMAN, LLC

                         By

                         Mark Sherman, Esq. (Reg. No. 2971794)
                         Mariella Soussou, Esq. (Reg. No. 4909438)
                         1515 Broadway, 11th Floor
                         New York, NY 10009

Defendants' cplr address:

Sisley Cosmetics USA, Inc.

Case 7:12-cv-07867-KMK Document 1 Filed 10/22/12 Page 5 of 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
———————————————————————X

JENNIFER LIBRETTA LANSER,

                              Plaintiff,            Index No.:

         -against-
                                           **VERIFIED COMPLAINT**

SISLEY COSMETICS USA, INC.,

                              Defendant.
———————————————————————X

        Plaintiff Jennifer Libretta Lanser ("Plaintiff"), by and through her attorneys, the Law Offices of Mark Sherman, LLC, for her Verified Complaint, alleges as follows:

### THE PARTIES

1.      Plaintiff resides in New Rochelle, New York.

2.      Upon information and belief, Defendant Sisley Cosmetics USA, Inc. ("Defendant") is a New York corporation, which is headquartered in Purchase, New York, and is engaged in the cosmetics industry.

3.      At all relevant times herein, Defendant was responsible for the acts, conduct, errors, and omissions of its officials, officers, agents, representatives, servants, and employees.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this employment action for damages.

5.      This Court has personal jurisdiction over Defendant because the Defendant is a resident of the State of New York.

6.     Venue is proper in this Court because Defendant is headquartered in Westchester County.

7.     On or about November 29, 2010, a charge of employment discrimination on the basis of disability was filed with both the New York State Division of Human Rights and the United States Equal Employment Opportunity Commission, to wit:

   a.  By letter dated March 27, 2012, Plaintiff was issued a "Determination and Order of Dismissal for Administrative Convenience" by the New York State Division of Human Rights. (A copy of which is attached hereto as **Exhibit 1**).

   b.  By letter dated July 16, 2012, Plaintiff was issued a "Notice of Right to Sue" by the United States Equal Employment Opportunity Commission. (A copy of which is attached hereto as **Exhibit 2**).

## FACTS

8.     Upon information and belief, in or about mid-September 2007 (the "Commencement Date"), Defendant hired Plaintiff to work as a project manager.

9.     Upon information and belief, Plaintiff reported to and assisted Defendant's Marketing and Operations Manager, Dean Robert ("Robert"), Defendant's Controller Marie-Laure Lhomond ("Lhomond"), and Defendant's Executive Vice President Yves LeBreton ("LeBreton"). Plaintiff had the most frequent daily contact with Robert.

10.     Upon information and belief, from the Commencement Date until September 2009, when Plaintiff returned from maternity leave, she had an excellent employment record, never received a poor performance review, was never placed on notice of being on any form of probation, received performance bonuses, and received a compensation raise.

11.     Upon information and belief, in January 2009, Plaintiff informed Defendant of her pregnancy.

12.     Upon information and belief, from June 2, 2009 until September 2, 2009, Plaintiff

availed herself of Defendant's standard 12-week maternity leave.

13.     Upon Plaintiff's return from maternity leave in September 2009, Plaintiff was

subjected to disparate and offensive treatment from Robert and other colleagues.  Specifically,

Plaintiff's claims are based on the following discriminatory and retaliatory conduct (together the

"Discriminatory and Retaliatory Conduct"):

    a.  Upon information and belief, in January 2010, Robert inquired about Plaintiff's
        future pregnancy plans by asking if she was taking prenatal vitamins.  She
        responded yes, however, upon seeing Robert's negative reaction, added that she
        was taking them because she was nursing a child.  Robert's inappropriate inquiry
        referred to in this paragraph is hereinafter called the "First Pregnancy Inquiry".

    b.  Upon information and belief, in February 2010, Plaintiff approached Robert about
        a promotion to Marketing Manager.  Robert replied by asking if she really thought
        she deserved the promotion or if she "now" needed the money, implying that she
        needed the raise to support her growing family.  Robert's comment referred to in
        this paragraph is hereinafter called the "Support Comment".

    c.  Upon information and belief, on March 2, 2010, Plaintiff informed Robert and
        LeBreton by email that she wanted to be considered for an available Press Attaché
        position.  She never even received a response.

    d.  Upon information and belief, around the same time, Robert substantially
        increased Plaintiff's reporting workload to an unreasonable degree.

    e.  Upon information and belief, the day after a project Plaintiff was working on with
        a vendor was due, Robert berated Plaintiff in front of Plaintiff's colleagues,
        accusing her of being incompetent and jeopardizing the relationship with the
        vendor.  Plaintiff was humiliated.  Robert's berating referred to in this paragraph
        is hereinafter called the "Vendor Outburst".

    f.  Upon information and belief, following the Vendor Outburst and the substantial
        increase in workload, Plaintiff formally reported the Vendor Outburst to Mary
        Ann Krzos ("Krzos") in Human Resources.  Plaintiff also reported to Krzos the
        unreasonable workload Robert had assigned her since her return from maternity
        leave.  Krzos advised Plaintiff to "just deal with" the unreasonable workload.

    g.  Upon information and belief, on March 10, 2010, Robert made changes to the
        Neiman Marcus Beauty Week Report that Plaintiff had completed and then sent it
        to the retailer.  Robert once again berated Plaintiff in front of the whole office

3

about the corrections.  Robert later learned that Plaintiffs original report was correct and that his changes were erroneous.

h.  Upon information and belief, on March 24, 2010, Robert and Plaintiff had lunch after a meeting in Manhattan.  At this lunch, they recapped the meeting and discussed how Robert was going to reorganize the department.  During the discussion about the department, Robert made yet another inquiry into Plaintiff's pregnancy status, asking again if she was on prenatal pills.  This comment is hereinafter referred to as the "Second Pregnancy Inquiry".  Plaintiff was distressed by this inappropriate question, specifically when asked in the context of a discussion about the reorganization of Plaintiff's department.  Plaintiff advised Robert that she and her husband did in fact want to give their first child a sibling.  Robert again reacted negatively and then explained how he planned to eliminate the makeup artist program, which was the main project Plaintiff was in charge of, despite its overall success.  She informed him that eliminating the program would essentially render her position obsolete.

i.  Upon information and belief, on April 2, 2010, Robert gave Plaintiff a list of responsibilities to complete while he was away on business.  The list included assembling more than 150 boxes for a shipment.  After assembling more than 20 boxes, Plaintiff informed Krzos that "we have a warehouse and assembling boxes is not part of my job description."  Krzos suggested Plaintiff hire a temp to assist with the project, which Plaintiff did.  As a result, Robert once again berated Plaintiff for not consulting with him on the issue of hiring a temp.

j.  Upon information and belief, on May 12, 2010, after Plaintiff's planned and approved vacation from April 17, 2010 to April 25, 2010, Plaintiff was called into an evaluation with Robert and Krzos.  Just six months after her return from maternity leave, she was handed a termination letter, which stated that her performance had not improved and that it had instead declined (the "Termination").

14.     Any reasons put forth by Defendant as good cause for its adverse actions are pretexts for the real reasons of Plaintiff's termination: sex and pregnancy discrimination termination as well as retaliation for reporting the Discriminatory and Retaliatory Conduct.

15.     During her tenure with Defendant, Plaintiff's performance was consistent and she was highly regarded by her colleagues.  After her return from maternity leave she was singled out, adversely treated, received no support from Human Resources, ultimately culminating in her unceremonious and illegal termination.

4

16.     Plaintiff's disparate treatment is further evidenced by the fact that several other employees made major mistakes without any disciplinary action taken against them.

17.     On the other hand, since Plaintiff's maternity leave, and the First and Second Pregnancy Inquiries, Plaintiff was repeatedly berated and reprimanded for minor mistakes in situations where she did nothing wrong.

18.     Upon information and belief, Plaintiff's membership in a protected class was the reason for this disparate treatment, harassment, discrimination, and retaliation described in the Discriminatory and Retaliatory Conduct.

19.     This Complaint is being filed within the federal and state statutory limitations periods.

**FIRST CAUSE OF ACTION:**
**Sex Discrimination in Violation of**
**New York State Executive Law § 296 *et seq.***

20.     Plaintiff adopts by reference paragraphs 1-19 of her Verified Complaint.

21.     At all relevant times herein, Plaintiff was an "employee" of the Defendant on the one hand, and all of Defendant's respective executives, officers, elected Board members, and managerial and supervising employees and representatives were Plaintiff's "employers" on the other hand, as those terms are defined by New York State Executive Law § 292, *et seq*.

22.     At all relevant times herein, Plaintiff's job performance was satisfactory.

23.     After returning from maternity leave, Plaintiff was continuously subjected to the aforementioned Discriminatory and Retaliatory Conduct constituting an ongoing pattern of discriminatory and retaliatory conduct based on Plaintiff's sex and pregnancy.

24.     The Discriminatory and Retaliatory Conduct constitutes a violation of the New York State Executive Law § 296(1)(a).

25.     As a direct and proximate result of Defendant's Discriminatory and Retaliatory Conduct alleged, Plaintiff has lost substantial employment benefits, including loss of reputation, lost wages, and other employee benefits.

26.     As a further direct and proximate result of Defendant's Discriminatory and Retaliatory Conduct, Plaintiff has suffered extreme anguish, humiliation, and physical and emotional distress.

27.     Plaintiff is therefore entitled to recover from Defendant compensatory, general, consequential and punitive damages in an amount to be determined at a trial of this matter, as well as reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION:
### Retaliation in Violation of
### New York State Executive Law § 296(1)(e)

28.     Plaintiff adopts by reference paragraphs 1-27 of her Verified Complaint.

29.     After Plaintiff's return from maternity leave, Defendant subjected Plaintiff to the aforementioned Discriminatory and Retaliatory Conduct.

30.     The Discriminatory and Retaliatory Conduct constitute unlawful discrimination and retaliation in violation of the New York State Executive Law § 296(1)(e).

31.     As a direct and proximate result of Defendant's Discriminatory and Retaliatory Conduct alleged herein, Plaintiff has suffered loss of her sole source of income, injury to her reputation, lost wages, and other employee fringe benefits.

32.     As a further direct and proximate result of Defendant's Discriminatory and Retaliatory Conduct, Plaintiff has suffered extreme emotional distress manifested in the form of frustration, sleeplessness, fear, nervousness, and depression.

33.     The Plaintiff is therefore entitled to recover from Defendant compensatory, general, consequential, and punitive damages in an amount to be determined at a trial of this matter, as well as reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION:
### Pregnancy Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964

34.     Plaintiff adopts by reference paragraphs 1-33 of her Verified Complaint.

35.     At all relevant times herein, Plaintiff was an "employee" of the Defendant on the one hand, and all of Defendant's respective executives, officers, elected Board members, and managerial and supervising employees and representatives were Plaintiff's "employer" on the other hand, as those terms are defined by the United States Code, 42 U.S.C. § 2000e-2(a)(1).

36.     Defendant discriminated against Plaintiff on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), by subjecting Plaintiff to disparate treatment and unceremoniously and wrongfully terminating Plaintiff based on her sex and pregnancy.

37.     The Discriminatory and Retaliatory Conduct constitute a violation of federal employment law pursuant to the Code of Federal Regulations Guidelines on Discrimination on the Basis of Sex, 29 C.F.R. §1604.10, which defines actionable pregnancy discrimination under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

38.     As a direct and proximate result of Defendant's Discriminatory and Retaliatory Conduct alleged herein, Plaintiff has suffered loss of her sole source of income, injury to her reputation, lost wages, and other employee fringe benefits.

39.    As a further direct and proximate result of Defendant's Discriminatory and Retaliatory Conduct, Plaintiff has suffered extreme emotional distress manifested in the form of frustration, sleeplessness, fear, nervousness, and depression.

40.    The Plaintiff is therefore entitled to recover from Defendant compensatory, general, consequential, and punitive damages in an amount to be determined at a trial of this matter, as well as reasonable attorney's fees and costs.

### FOURTH CAUSE OF ACTION
#### Hostile Work Environment in Violation of
#### Title VII of the Civil Rights Act of 1964

41.    Plaintiff adopts by reference paragraphs 1-40 of her Verified Complaint.

42.    From September 2009 until Plaintiff's termination, Plaintiff was subjected to the aforementioned Discriminatory and Retaliatory Conduct, which included inappropriate comments regarding her pregnancy, a campaign to force her out of her job, an unreasonable workload, unwarranted and humiliating criticisms, and ultimately termination.

43.    The Discriminatory and Retaliatory Conduct was so pervasive that it constituted a hostile work environment in violation of United States Code, 42 U.S.C. §2000e-2(a)(1).

44.    The Discriminatory and Retaliatory Conduct constitute a violation of federal employment law pursuant to the Code of Federal Regulations Guidelines on Discrimination on the Basis of Sex, 29 C.F.R. §1604.11(a), which defines actionable sexual discrimination under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

45.    As a direct and proximate result of Defendant's Discriminatory and Retaliatory Conduct alleged herein, Plaintiff has suffered loss of her sole source of income, injury to her reputation, lost wages, and other employee fringe benefits.

46.    As a further direct and proximate result of Defendant's Discriminatory and Retaliatory Conduct, Plaintiff has suffered extreme emotional distress manifested in the form of frustration, sleeplessness, fear, nervousness, and depression.

47.    The Plaintiff is therefore entitled to recover from Defendant compensatory, general, consequential, and punitive damages in an amount to be determined at a trial of this matter, as well as reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court:

a. Award Plaintiff compensatory damages, including but not limited to emotional pain and suffering, back pay, bonuses, future pay, and the value of all other employment benefits in an amount to be determined by the trier of fact, with interest from the date when sums were due;

b. General and consequential damages:

c. Punitive damages, where applicable;

d. The Costs of this action; and

e. Such other and further relief as this Court may deem appropriate and equitable.

Dated: New York, NY
September 11, 2012

RESPECTFULLY SUBMITTED,

JENNIFER LIBRETTA LANSER

By: _____
The Law Offices of Mark Sherman, LLC
Mark Sherman, Esq. (Reg. No. 2971794)
Mariella Soussou, Esq. (Reg.No.4909438)
1515 Broadway, 11th Floor
New York, NY 10036

Please direct all correspondence to:
29 Fifth Street
Stamford, CT 06905
Tel: (203) 358-4700
Fax: (203) 325-9478

10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
————————————————————————X

JENNIFER LIBRETTA LANSER,

                              Plaintiff,                    Index No.:

            -against-

                                                           **ATTORNEY'S VERIFICATION**

SISLEY COSMETICS USA, INC.,

                              Defendant.
————————————————————————X

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and state that:

1.      I am the attorney of record for Jennifer Libretta Lanser.

2.      I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

3.      My belief, as to those matters therein not stated upon knowledge, is based upon the following: conversations with client and review of file documents.

4.      The reason I make this affirmation instead of the Plaintiff is that the Plaintiff is not located in the county where the Undersigned's office is located.

5.      I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, NY
       September 11, 2012

                                                     _____
                                                        Mark D. Sherman

Case 7:12-cv-07967-KMK Document 1-1 Filed 10/22/12 Page 16 of 21

# EXHIBIT 1



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>JENNIFER LANSER,<br><br>                      **Complainant,**<br><br>          **v.**<br><br>SISLEY COSMETICS USA INC.,<br><br>                    **Respondent.** | DETERMINATION AND ORDER OF DISMISSAL FOR ADMINISTRATIVE CONVENIENCE<br><br>Case No.<br>10145427 |

Federal Charge No. 16GB100854

On 11/29/2010, Jennifer Lanser filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of sex, opposed discrimination/retaliation in violation of N.Y. Exec Law, art. 15 ("Human Rights Law").

Pursuant to Section 297.3 of the Human Rights Law, the Division finds that noticing the complaint for hearing would be undesirable and the complaint, therefore, is ordered dismissed on the grounds of administrative convenience for the following reason(s):

Complainant intends to pursue her remedies in Federal Court.

Processing the complaint will not advance the State's human rights goals.

Section 297.9 of the Human Rights Law provides that:

... where the Division has dismissed such complaint on the grounds of the administrative convenience, ... such person shall maintain all rights to bring suit as if no complaint had been filed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition <u>within sixty (60) days after service of this Determination</u>. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human

Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458.  DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964.  Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC).  You have the right to request a review by EEOC of this action.  To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112.  Otherwise, EEOC will generally adopt our action in your case.

Dated:   3/27/12

Peekskill, New York

STATE DIVISION OF HUMAN RIGHTS

By:   _____

Margaret G. King
Regional Director

- 2 -

# EXHIBIT 2

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Jennifer Lanser<br>69 Stonelea Place<br>New Rochelle, NY 10801 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| 16G-2011-00854 | Holly M. Woodyard,<br>Investigator | | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,<br>District Director

JUL 1 6 2012

(Date Mailed)

Enclosures(s)

cc:

| SISLEY COSMETICS USA INC.<br>2975 Westchester Avenue, Suite G02<br>Attn: Mary Ann Kroz, Dir. Of H.R.<br>Purchase, NY 10577 | Peter Metis, Esq.<br>Schnaufer & Metis, LLP<br>The Fortune Bldg., 280 North Central<br>Ave., Suite 200<br>Hartsdale, NY 10530 |
|---|---|

Case 7:12-cv-07887-KMK Document 1-7 Filed 10/22/12 Page 21 of 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
—————————————————————X

JENNIFER LIBRETTA LANSER,

                              Plaintiff,                    Index No.:

        -against-
                                                    **CERTIFICATE OF**
                                                    **MERIT**
SISLEY COSMETICS USA, INC.,


                              Defendant.
—————————————————————X


        Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief, and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: New York, NY
        September 11, 2012



                              RESPECTFULLY SUBMITTED,

                              The Law Offices of Mark Sherman, LLC


                              By:_____
                                Mark Sherman, Esq. (Reg. No. 2971794)
                                Mariella Soussou, Esq. (Reg.No.4909438)
                                1515 Broadway, 11th Floor
                                New York, NY 10036

                                Please direct all correspondence to:
                                29 Fifth Street
                                Stamford, CT 06905
                                Tel: (203) 358-4700
                                Fax: (203) 325-9478


                                        12