UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JENNIFER LIBRETTA LANSER,                         **DEFENDANT SISLEY**
                                                  **COSMETICS USA, INC'S**
                              Plaintiff,          **ANSWER**

              -against-                           Case No. 12 CV 7867
                                                  (KMK) (GAY)
SISLEY COSMETICS USA, INC.

                              Defendant.
-----------------------------------------------------------------X

Defendant Sisley Cosmetics USA, Inc. ("Sisley" or "defendant") by its counsel, Schnaufer and Metis, LLP, of counsel to the Law Office of Robert P. Oppenheim, hereby alleges the following for its answer to the complaint ("Plaintiff's Complaint"):

### AS TO THE "NATURE OF THE CASE"

1.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 1 of Plaintiff's Complaint

2.   Defendant denies the allegations set forth in Paragraph No. 2 of Plaintiff's Complaint.

3.   Defendant denies the allegations set forth in Paragraph No. 3 of Plaintiff's Complaint.

4.   Paragraph No. 4 of Plaintiff's Complaint sets forth statements of law and does not set forth factual allegations requiring a response. To the extent any response is required, defendant denies any factual allegations in Paragraph No. 4 of Plaintiff's Complaint.

5.   Paragraph No. 5 of Plaintiff's Complaint sets forth statements of law and does not set forth factual allegations requiring a response. To the extent any response is required,

defendant denies any factual allegations in Paragraph No. 5 of Plaintiff's Complaint.

6. Paragraph No. 6 of Plaintiff's Complaint sets forth statements of law and does not set forth factual allegations requiring a response. To the extent any response is required, defendant denies any factual allegations in Paragraph No. 6 of Plaintiff's Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 7 of Plaintiff's Complaint

8. Defendant admits the allegation set forth in Paragraph No. 8 of Plaintiff's Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 9 of Plaintiff's Complaint.

10. Defendant denies the allegations set forth in Paragraph No. 10 of Plaintiff's Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 11 of Plaintiff's Complaint.

12. Defendant admits the allegations set forth in Paragraph No. 12 of Plaintiff's Complaint.

13. Defendant denies the allegations set forth in Paragraph No. 13 of Plaintiff's Complaint.

14. Defendant denies the allegations set forth in Paragraph No. 14 of Plaintiff's Complaint.

15. Defendant denies the allegations set forth in Paragraph No. 15 of Plaintiff's

Complaint.

16. Defendant denies the allegations set forth in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendant denies the allegations set forth in Paragraph No. 17 of Plaintiff's Complaint.

18. Defendant denies the allegations set forth in Paragraph No. 18 of Plaintiff's Complaint.

19. Paragraph No. 19 of Plaintiff's Complaint sets forth statements of law and does not set forth factual allegations requiring a response. To the extent any response is required, defendant denies any factual allegations in Paragraph No. 19 of Plaintiff's Complaint.

### AS TO THE "FIRST CAUSE OF ACTION"

20. Defendant repeats and reiterates its answers, denials and averments to Paragraph Nos. 1 through 19 of Plaintiff's Complaint as if set forth herein in answer to Paragraph No. 20 of Plaintiff's Complaint.

21. Paragraph No. 21 of Plaintiff's Complaint sets forth statements of law and does not set forth factual allegations requiring a response. To the extent any response is required defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph No. 21 of Plaintiff's Complaint.

22. Defendant denies the allegations set forth in Paragraph No. 22 of Plaintiff's Complaint.

23. Defendant denies the allegations set forth in Paragraph No. 23 of Plaintiff's

Complaint.

24. Paragraph No. 24 of Plaintiff's Complaint sets forth statements of law and does not set forth factual allegations requiring a response. To the extent any response is required defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph No. 24 of Plaintiff's Complaint.

25. Defendant denies the allegations set forth in Paragraph No. 25 of Plaintiff's Complaint.

26. Defendant denies the allegations set forth in Paragraph No. 26 of Plaintiff's Complaint.

27. Defendant denies the allegations set forth in Paragraph No. 27 of Plaintiff's Complaint.

### AS TO THE "SECOND CAUSE OF ACTION"

28. Defendant repeats and reiterates its answers, denials and averments to Paragraph Nos. 1 through 27 of Plaintiff's Complaint as if set forth herein in answer to Paragraph No. 28 of Plaintiff's Complaint.

29. Defendant denies the allegations set forth in Paragraph No. 29 of Plaintiff's Complaint.

30. Paragraph No. 30 of Plaintiff's Complaint sets forth statements of law and does not set forth factual allegations requiring a response. To the extent any response is required defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph No. 30 of Plaintiff's Complaint.

31. Defendant denies the allegations set forth in Paragraph No. 31 of Plaintiff's Complaint.

32. Defendant denies the allegations set forth in Paragraph No. 32 of Plaintiff's Complaint.

33. Defendant denies the allegations set forth in Paragraph No. 33 of Plaintiff's Complaint.

### AS TO THE "THIRD CAUSE OF ACTION"

34. Defendant repeats and reiterates its answers, denials and averments to Paragraph Nos. 1 through 33 of Plaintiff's Complaint as if set forth herein in answer to Paragraph No. 34 of Plaintiff's Complaint.

35. Paragraph No. 35 of Plaintiff's Complaint sets forth statements of law and does not set forth factual allegations requiring a response. To the extent any response is required, defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph No. 35 of Plaintiff's Complaint.

36. Defendant denies the allegations set forth in Paragraph No. 36 of Plaintiff's Complaint.

37. Paragraph No. 37 of Plaintiff's Complaint sets forth statements of law and does not set forth factual allegations requiring a response. To the extent any response is required, defendant denies the allegations in Paragraph No. 37 of Plaintiff's Complaint.

38. Defendant denies the allegations set forth in Paragraph No. 38 of Plaintiff's Complaint.

39. Defendant denies the allegations set forth in Paragraph No. 39 of Plaintiff's Complaint.

40. Defendant denies the allegations set forth in Paragraph No. 40 of Plaintiff's Complaint.

### AS TO THE "FOURTH CAUSE OF ACTION"

41. Defendant repeats and reiterates its answers, denials and averments to Paragraph Nos. 1 through 40 of Plaintiff's Complaint as if set forth herein in answer to Paragraph No. 41 of Plaintiff's Complaint.

42. Defendant denies the allegations set forth in Paragraph No. 42 of Plaintiff's Complaint.

43. Defendant denies the allegations set forth in Paragraph No. 43 of Plaintiff's Complaint.

44. Paragraph No. 44 of Plaintiff's Complaint sets forth statements of law and does not set forth factual allegations requiring a response. To the extent any response is required, defendant denies the allegations in Paragraph No. 44 of Plaintiff's Complaint.

45. Defendant denies the allegations set forth in Paragraph No. 45 of Plaintiff's Complaint.

46. Defendant denies the allegations set forth in Paragraph No. 46 of Plaintiff's Complaint.

47. Defendant denies the allegations set forth in Paragraph No. 47 of Plaintiff's Complaint.

## AS TO THE "WHEREFORE" CLAUSE

48. Defendant denies that Plaintiff is entitled to the relief requested.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages or remedies sought can be awarded against Sisley.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50. Each and every action taken by Sisley was taken for a legitimate non-discriminatory reason and was based on non-discriminatory factors other than plaintiff's sex, pregnancy and/or membership in a protected class and would have been taken regardless of plaintiff's sex, pregnancy and/or membership in a protected class.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. Plaintiff's Complaint should be dismissed with prejudice in its entirety because Sisley has acted reasonably at all times and in good faith toward plaintiff, and has not violated any rights which are secured to her under Federal, State, local laws, rules regulations, guidelines or common law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, in whole or in part, because plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Sisley.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims of discrimination and/or any recovery of damages are precluded because Sisley exercised reasonable care to prevent and properly correct any alleged

discriminatory behavior, including, but not limited to, publishing policies prohibiting discrimination.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims of discrimination and/or any recovery of damages are precluded because plaintiff unreasonably failed to take advantage of Sisley's preventive or corrective opportunities or to otherwise avoid harm.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55. To the extent that plaintiff is claiming damages, including punitive damages, plaintiff is not entitled to recover any damages against Sisley because, *inter alia*, Sisley did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless acts or omissions.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to mitigate her damages.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred in whole or in part, because of the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

58. Sisley reserves the right to plead additional separate and affirmative defenses which may be ascertained during the course of this action or otherwise.

WHEREFORE, defendant demands judgment dismissing the plaintiff's complaint with

8

prejudice and awarding it the costs and disbursement of this action, together with such other and further relief as this Court may deem just and proper.

Dated:    Hartsdale, New York
          November 1, 2012

                                                SCHNAUFER & METIS, LLP

                                                By_____
                                                PETER METIS (PM 7214)
                                                280 North Central Avenue, Suite 200
                                                Hartsdale, New York 10530
                                                (914) 288-9700
                                                (914) 288-9717 (fax)
                                                Of Counsel to,
                                                The Law Offices of Robert P. Oppenheim
                                                Attorneys for Defendant
                                                Sisley Cosmetics USA, Inc.
                                                200 Park Avenue South, Suite 910
                                                New York, New York 10003-1509
                                                (212) 228-1957

TO:    The Law Offices of Mark Sherman, LLC
        1515 Broadway, 11th Floor
         New York, New York 10036

        and

        The Law Offices of Mark Sherman, LLC
        29 Fifth Street
        Stamford, CT 06905

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNIFER LIBRETTA LANSER,                              12 CV 7867

                              Plaintiff,                     (KMK) (GAY)

     -against-

SISLEY COSMETICS USA, INC.,

                              Defendant.
------------------------------------------------------------X

Certificate of Service

     I hereby certify that on this date I caused a copy of the DEFENDANT SISLEY COSMETICS USA, INC'S ANSWER to be sent by ECF and First Class Mail to: The Law Offices of Mark Sherman, LLC, 1515 Broadway, 11th Floor, New York, New York 10036 and The Law Offices of Mark Sherman, LLC, 29 Fifth Street, Stamford, CT 06905.

Dated: Hartsdale, New York
       November 1, 2012

                                                       SCHNAUFER & METIS, LLP

                                                       _____
                                                       PETER METIS, ESQ. (7214)
                                                       280 North Central Avenue, Suite 200
                                                       Hartsdale, New York 10530
                                                       (914) 288-9700
                                                       (914) 288-9717
                                                       Of Counsel to,
                                                       The Law Offices of Robert P. Oppenheim
                                                       Attorneys for Defendant
                                                       Sisley Cosmetics USA, Inc.
                                                       200 Park Avenue South, Suite 910
                                                       New York, New York 10003-1509